SAMSON BURKHOLDER V. MCKINLEY-LANNING LOAN & TRUST COMPANY ET AL.

FILED JANUARY 19, 1898. No. 7751.

Review: SUFFICIENCY OF EVIDENCE. In this case but one question is presented, and that is the sufficiency of the evidence to sustain the judgment of the district court. An examination of all the evidence disclosing that this objection is not well taken, said judgment is affirmed.

ERROR from the district court of Kearney county. Tried below before BEALL, J. *Affirmed.*

*John W. Tipton* and *Ed L. Adams*, for plaintiff in error.

*Tibbets Bros., Morey & Ferris*, contra.

RYAN, C.

The McKinley-Lanning Loan & Trust Company brought this action for the foreclosure of a mortgage executed to said plaintiff by Samson Burkholder and his wife to secure payment of ten promissory notes made

by Samson Burkholder to said company, each of which said notes was for the sum of $17.50.   There was made defendant A. P. Tillinghast, by whom a cross-petition was filed asking the foreclosure of a mortgage likewise made by Samson Burkholder and his wife to said company to secure payment of a note for $1,400 executed by Mr. Burkholder to said company, by which company it had been transferred to Tillinghast.   The notes secured by the two above described mortgages, as well as the mortgages themselves, bore date September 28, 1892. The notes for $17.50 fell due in succession at intervals of six months reckoning from their date.   The $1,400 note was due in five years from its date and the interest thereon at six per cent per annum was evidenced by ten semi-annual coupon notes.   In the petitions for foreclosure it was averred, and by the answer admitted, that the first semi-annual payments due the respective holders of the mortgages sought to be foreclosed had not been paid when foreclosure proceedings were instituted.   In each of the mortgages there was a provision that a failure to make any semi-annual payment thereby secured, for a period of ten days after the same fell due, rendered the whole amount secured due and subject to collection. The contention of plaintiff in error was that the loan was really made at the rate of eight and one-half per cent per annum; that for two and one-half per cent per annum distinct coupons were made, and that, if the foreclosure was permitted for the amount of the ten notes of $17.50 each at the end of the first year of the term of the loan, the amount would include interest at a higher rate than ten per cent per annum, and that the loan under such circumstances was usurious.   The claim of the holders of the mortgage was that the notes for $17.50 each simply represented the commission which Mr. Burkholder had agreed to pay for obtaining the loan at the rate of six per cent per annum, and that these notes were not for any portion of interest.   On conflicting evidence the district court adopted the contention of plaintiff, and

this conclusion having support in the evidence cannot be disturbed. The petition in error presents no other question and the judgment of the district court is

AFFIRMED.